IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
(SPRINGFIELD DIVISION)

| | |
|---|---|
| ESTATE OF DENNIS E. ADAMS, Deceased, By KYLE ADAMS, Administrator )))) | |
| Plaintiff, ) | |
| v. ) | No. |
| CHRISTIAN COUNTY, )) | |
| BRUCE KETTLEKAMP, in his official capacity as Sheriff of Christian County and in his individual capacity, and )))) | |
| ANDREW NELSON, in his official capacity as Christian County Jail Administrator and in his individual capacity )))) | |
| Defendants. ) | |

## COMPLAINT AND JURY DEMAND

NOW COMES Plaintiff, Estate of Dennis E. Adams, deceased, ("Decedent" or "Dennis Adams") by Kyle Adams, court appointed Administrator of the Estate, by and through their attorneys, Daniel Noll and Jon Noll of the Noll Law Office, LLC, and James W. Ackerman and William Vig of the Ackerman Law Office, and in support of their Complaint and Jury Demand states as follows:

## NATURE OF CASE

1.     This suit arises pursuant to 42 U.S.C. § 1983 to address deprivations of Plaintiffs rights under the Constitution of the United States.

## JURISDICTION

1

2.      This action is brought pursuant to 42 U.S.C. § 1983. Jurisdiction is based upon 28 U.S.C. § 1331 and 28 U.S.C. 1367(a).

**VENUE**

3.      The violations of civil rights alleged herein were committed within the Central District of Illinois, to wit: in the City of Taylorville, County of Christian, State of Illinois. This action properly lies in the United States District Court for the Central District of Illinois, Springfield Division.

**PARTY PLAINTIFFS**

4.      The Decedent, Dennis E. Adams, was a United States Citizen. He resided in the City of Taylorville, County of Christian, State of Illinois. He committed suicide on November 4, 2011, in the Christian County Correctional Center.

5.      Kyle Adams, Plaintiff or Petitioner, is a United States Citizen. He is a resident of the Village of Farmersville, County of Montgomery, State of Illinois. He is the Decedent's biological son and Administrator of the Decedent's estate. Petitioner brings this action on behalf of himself, and for other next of kin. The Decedent is survived by the following heirs: two adult children, one minor child, and a surviving spouse.

**PARTY DEFENDANTS**

6.      In his official and individual capacities, Sheriff Bruce Kettlekamp is joined as a Party Defendant herein because, at all relevant time, he was an employee and agent of the Christian County Sheriff's Office. At all relevant times, Sheriff Kettlekamp acted under color of law as a duly elected Sheriff and within the scope of his employment.

7.      In his official and individual capacities, Jail Administrator Andrew Nelson is joined as a Party Defendant herein because, at all relevant times, he was an employee and agent

of the Christian County Sheriff's Office. At all relevant times, Jail Administrator Nelson acted under color of law as a duly appointed Christian County Sheriff's Deputy and within the scope of his employment.

8.    Christian County is the legal entity under which Sheriff Kettlekamp and Jail Administrator Nelson all were employed. It is responsible for the policies, procedures, and practices implemented through its various agencies, agents, departments, and employees, and for injury occasioned thereby. It was or is the employer of Sheriff Kettlekamp and Jail Administrator Nelson.

## FACTUAL BACKGROUND

9.    According to the police report of Sgt. Childers, a copy of which is attached as Exhibit 1 and herein incorporated by this reference, on August 19, 2011, at approximately 7:51 a.m. Christian County Sheriff's Deputies responded to a call that a woman had been shot.

10.    Upon arrival, Ofc. Miller was advised by Jolene Adams, wife of Mr. Adams, that had just been shot by the Decedent, Dennis Adams.

11.    Jolene told Officer Miller that she was getting into her vehicle, which was parked in the driveway, when she was shot in the shoulder. Mr. Adams fired several more times towards Jolene before leaving the scene.

12.    Mr. Adams was located approximately two hours later at 9:22 a.m. near the railroad tracks in the 100 block of South Baughman Road in Taylorville, Illinois.

13.    When they found Mr. Adams, he had a revolver handgun to his head.

14.    The Illinois State Police Crisis Negotiator was called. Numerous police officers from the Christian County Sheriff's Office were also to and present at the scene.

15.     After an approximately three hour long standoff, Mr. Adams was apprehended by Officer Nation and Deputy Marron when he placed the revolver down to wipe his forehead.

16.     He was arrested and transported to Taylorville Memorial Hospital where he was treated for a small abrasion on his right forearm and an old ankle injury.

17.     According to the Christian County Mental Health Crisis Assessment form dated August 19, 2011, which is attached as Exhibit 2 and herein incorporated by this reference, Mr. Adams was evaluated for suicidal tendencies by Barb Brauer. The evaluation occured at Taylorville Memorial Hospital.

18.     After his evaluation, Mr. Adams was transported to the Christian County Correctional Center.

19.     The Christian County Correctional Center Padded Cell Report, a copy of which is attached as Exhibit 3 and herein incorporated by this reference, states that Mr. Adams was placed into the "Padded Cell" at 1 p.m.

20.     He was placed into the Padded Cell because he was a known suicide risk.

21.     This placement was approved by Jail Administrator Nelson.

22.     In addition, after holding a gun to his head for three hours, Mr. Adams was placed on a 30 minute watch as opposed to the standard 15 minute watch pursuant to Jail Administrator Nelson.

23.     Mr. Adams was charged with two counts of Attempted First Degree Murder.

24.     On August 21, 2011, Mr. Adams bond was set at $2,000,000.

25.     He was unable to post requisite amount of money and remained incarcerated at the Christian County Correctional Center.

26.     On August 24, 2011, Mr. Adams court appointed public defender, Michael Havera, filed a Motion for Examination by Psychiatrist, a copy of which is attached as Exhibit 4 and herein incorporated by this reference.

27.     According to the Motion for Examination by Psychiatrist, Mr. Havera had a bonafide doubt as to Mr. Adam's fitness to stand trial or to plead and be sentenced.

28.     Mr. Havera based that opinion upon Mr. Adams behavior and lack of ability to comprehend his actions.

29.     On August 25, 2011, Mr. Adams was denied bond meaning that no amount of money would secure his release while his charges were pending.

30.     Also on August 25, 2011, Mr. Adams was re-evaluated by the Christian County Mental Health Association.

31.     According to a second Christian County Mental Health Association Crisis Assessment form dated August 25, 2011, a copy of which is attached as Exhibit 5 and herein incorporated by this reference, Mr. Adams was reevaluated by Julie Chastain.

32.     Ms. Chastain recommended that Mr. Adams remain in the Padded Cell because of suicidal tendencies and that he needed to be re-evaluated on August 26, 2011 in the morning.

33.     No evaluation occurred after August 25, 2011.

34.     On August 30, 2011, Mr. Havera argued his Motion for Examination by Psychiatrist. This motion was granted.

35.     Subsequently, Dr. Terry Killian of Killian and Associates in Springfield, Illinois was appointed to conduct a psychiatric examination of Mr. Adams for the purpose of giving opinions regarding Mr. Adam's fitness to stand trial, his sanity at the time of his alleged crimes, and for possible psychiatric mitigation.

36.     The following day, according to the Padded Cell History and Isolation Cell Histroy, a copy of which is attached as Group Exhibit 6 and herein incorporated by this reference, Dennis Adams was transferred out of the Padded Cell and into the "Isolation Cell."

37.     This was done at the direction of Jail Administrator Nelson.

38.     This transfer was also ordered without the aid, direction or consultation of any mental health professional and against the recommendation of Julie Chastain on August 25, 2011.

39.     According to a letter written by Jail Administrator Nelson to Christian County Sheriff Bruce Kettlekamp dated December 2, 2011, a copy of which is attached as Exhibit 7 and herein incorporated by this reference, Mr. Adams was transferred out of the Padded Cell and into the Isolation Cell because another inmate, Lacey Myers, was booked into the Christian County Correctional Center.

40.     Christian County Correctional Center staff knew that Ms. Myers suffered from mental health issues including depression and anxiety and was a suicide risk.

41.     The Christian County Correctional Center has only one Padded Cell. *See:* Ex. 7, pg. 2

42.     The Christian County Correctional Center has only one Isolation Cell. *Id.*

43.     This transfer was conducted pursuant to a written or unwritten Christian County policy, practice or custom of transferring inmates out of the Padded Cell based upon a discretionary determination by Jail Administrator Nelson of the immediate needs of other inmates, the staffing constraints required to monitor those inmates in the Padded Cell, and the capacities imposed by the Christian County Correctional Center itself.

44.     According to the December 2, 2011 letter by Jail Administrator Nelson, "Christian County Correctional Center has only one padded cell at its disposal and housing therein is based on immediate need." *Id.*

45.     According to the Padded Cell History, Inmate Myers was housed in the Padded Cell from August 31, 2011 to September 1, 2011.

46.     The Padded Cell was vacant from September 1, 2011 to September 6, 2011 while Mr. Adams was house in the Isolation Cell.

47.     According to the Isolation Cell History, a copy of which is included in Group Exhibit 6 and herein incorporated by this reference, Mr. Adams was housed in the Isolation Cell from August 31, 2011 to September 13, 2011.

48.     According to his letter, Jail Administrator Nelson ordered Mr. Adams transferred from the Isolation Cell to the Bullpen area on September 14, 2011.

49.     This transfer was also ordered without the aid, direction or consultation of any mental health professional and against the recommendation of Julie Chastain on August 25, 2011.

50.     This transfer was conducted pursuant to a written or unwritten Christian County policy, practice or custom of transferring inmates out of the Isolation Cell based upon a discretionary determination by Jail Administrator Nelson of the immediate needs of other inmates, the staffing constraints required to monitor those inmates in the Isolation Cell, and the capacities imposed by the Christian County Correctional Center itself.

51.     According to his letter to Sheriff Kettlekamp, Jail Administrator Nelson ordered Mr. Adams transferred on September 14, 2011 because of another inmate incurred a disciplinary infraction. *See:* Exhibit 7, pg. 2.

52.     The Isolation Cell Report shows that the next inmate to enter into the Isolation Cell was Kyle Aaron Matthews two days later on September 16, 2011. *See:* Group Exhibit 6.

53.     Upon information and belief, the Bullpen area of the Christian County Correctional Center is a general population area. It has less restrictions and less monitoring than the Padded Cell and Isolation Cell.

54.     Mr. Adams remained in the Bullpen area of the Christian County Correctional Center until his death on November 4, 2011.

55.     On November 4, 2011, at approximately 5:30 a.m., Dennis Earl Adams hung himself in his jail cell.

56.     On November 4, 2011, Mr. Adams was due in court regarding a divorce case which was filed by Jolene Adams.

57.     Upon information and belief, it is well known in the jail administration community that court dates and divorces are added stressors which create the high risk of suicide in inmates, especially those which are already exhibiting suicidal tendencies.

58.     While he was evaluated on August 19, 2011 and August 25, 2011 by Christian County Mental Health, Mr. Adams never received any mental health treatment while at the Christian County Correctional Center after they knew or should have known that he was a suicide risk.

59.     Mr. Adams should never have been transferred out of the Padded Cell.

60.     Mr. Adams should never have been transferred out of the Isolation Cell.

61.     Upon information and belief, numerous Christian County Sheriff Office Employees, Christian County Correctional Center Employees, and Christian County Sheriff

Kettlekamp were informed by the family and friends of Dennis Earl Adams that he was acting in a bizarre manner and that they were afraid that he was very suicidal.

62.    Throughout his time at the Christian County Correctional Center, Mr. Adams was:

      a.  speaking to his deceased father;

      b.  seeing demons;

      c.  writing his life story and mailing it to friends and family members;

      d.  diagnosed with depression;

      e.  exhibiting classic suicidal tendencies; and

      f.  informing friends and family how to divide his estate.

63.    According to a copy of a November 4, 2011 State Journal Register Article, a copy of which is attached as Exhibit 8 and herein incorporated by this reference, Sheriff Kettlekamp stated, "If we had any indication he had suicidal thoughts, we would have put him in a separate, padded cell. But we had no indication that he would do something like that."

64.    On November 4, 2011, the Padded Cell History and Isolation Cell History show that both cells were unoccupied. *See:* Group Exhibit 6.

## COUNT I

## CONDITIONS OF CONFINEMENT

## IN VIOLATION OF THE 14th AMENDMENT

## (OFFICIAL CAPACITY)

65.     The Plaintiff restates and realleges all previously plead paragraphs.

66.     Dennis Earl Adams was incarcerated under conditions that posed a substantial risk of serious harm to his health or safety in that he was transferred out of the Padded Cell without the aid, recommendation or advice of a mental health professional and against the recommendation of Julie Chastain on August 25, 2011.

67.     Defendants Bruce Kettlekamp, Andrew Nelson and Christian County were deliberately indifferent to the Decedent's health or safety.

68.     Defendants conduct caused harm to the Decedent.

69.     The Decedent committed suicide in the Christian County Correctional Center.

70.     At all times, the Defendants acted under the color of law.

71.     The Plaintiff demands trial by jury.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, Estate of Dennis E. Adams, prays for judgment against Sherriff Bruce Kettlekamp, Jail Administrator Andrew Nelson, and Christian County as follows:

A.  Compensatory damages in an amount to be determined at trial;

B.  Reasonable attorney's fees and costs; and

C.  For such other and further relief as this court deems reasonable.

## COUNT II

## CONDITIONS OF CONFINEMENT

## IN VIOLATION OF THE 14th AMENDMENT

## (INDIVIDUAL CAPACITY)

72.     The Plaintiff restates and realleges all previously plead paragraphs.

73.     Dennis Earl Adams was incarcerated under conditions that posed a substantial risk of serious harm to his health or safety in that he was transferred out of the Padded Cell without the aid, recommendation or advice of a mental health professional and against the recommendation of Julie Chastain on August 25, 2011.

74.     Defendants Bruce Kettlekamp, Andrew Nelson and Christian County were deliberately indifferent to the Decedent's health or safety.

75.     Defendants conduct caused harm to the Decedent.

76.     The Decedent committed suicide in the Christian County Correctional Center.

77.     At all times, the Defendants acted under the color of law..

78.     The Plaintiff demands trial by jury.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, Estate of Dennis E. Adams, prays for judgment against Sherriff Bruce Kettlekamp and Jail Administrator Andrew Nelson as follows:

A.  Compensatory damages in an amount to be determined at trial;

B.  Punitive damages in an amount to be determined at trial;

C.  Reasonable attorney's fees and costs; and

D.  For such other and further relief as this court deems reasonable.

## COUNT III

## FAILURE TO PROVIDE MEDICAL ATTENTION

## IN VIOLATION OF THE 14th AMENDMENT

## (OFFICIAL CAPACITY)

79.     The Plaintiff restates and realleges all previously plead paragraphs.

80.     Dennis Earl Adams had a serious medical need.

81.     Defendants Bruce Kettlekamp, Andrew Nelson and Christian County were deliberately indifferent to the Decedent's health or safety.

82.     Defendants conduct caused harm to the Decedent.

83.     The Decedent committed suicide in the Christian County Correctional Center.

84.     At all times, the Defendants acted under the color of law.

85.     The Plaintiff demands trial by jury.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, Estate of Dennis E. Adams, prays for judgment against Sheriff Bruce Kettlekamp, Jail Administrator Andrew Nelson, and Christian County as follows:

A.  Compensatory damages in an amount to be determined at trial;

B.  Reasonable attorney's fees and costs; and

C.  For such other and further relief as this court deems reasonable.

## COUNT IV

## FAILURE TO PROVIDE MEDICAL ATTENTION

## IN VIOLATION OF THE 14th AMENDMENT

## (INDIVIDUAL CAPACITY)

86.     The Plaintiff restates and realleges all previously plead paragraphs.

87.     Dennis Earl Adams had a serious medical need.

88.     Defendants Bruce Kettlekamp, Andrew Nelson and Christian County were deliberately indifferent to the Decedent's health or safety.

89.     Defendants conduct caused harm to the Decedent.

90.     The Decedent committed suicide in the Christian County Correctional Center.

91.     At all times, the Defendants acted under the color of law.

92.     The Plaintiff demands trial by jury.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, Estate of Dennis E. Adams, prays for judgment against Sherriff Bruce Kettlekamp and Jail Administrator Andrew Nelson, as follows:

A.  Compensatory damages in an amount to be determined at trial;

B.  Punitive damages in an amount to be determined at trial;

C.  Reasonable attorney's fees and costs; and

D.  For such other and further relief as this court deems reasonable.

## COUNT V

## FAILURE TO TRAIN

## (OFFICIAL CAPACITY)

93.     The Plaintiff restates and realleges all previously plead paragraphs.

94.     Christian County's mental health training was not adequate to train its employees, including Jail Administrator Nelson, to properly handle suicidal inmates at the Christian County Correctional Center.

95.     Christian County and Sheriff Bruce Kettlekamp knew that more and/or different training was needed to avoid jail suicides.

96.     Christian County's failure to properly train caused the death of Dennis E. Adams.

97.     Defendants conduct caused harm to the Decedent.

98.     The Decedent committed suicide in the Christian County Correctional Center.

99.     At all times, the Defendants acted under the color of law.

100.    The Plaintiff demands trial by jury.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, Estate of Dennis E. Adams, prays for judgment against Sherriff Bruce Kettlekamp, Jail Administrator Andrew Nelson, and Christian County as follows:

A.  Compensatory damages in an amount to be determined at trial;

B.  Reasonable attorney's fees and costs; and

C.  For such other and further relief as this court deems reasonable.

## COUNT VI

## FAILURE TO TRAIN

## (INDIVIDUAL CAPACITY)

101.    The Plaintiff restates and realleges all previously plead paragraphs.

102.    Christian County's mental health training was not adequate to train its employees, including Jail Administrator Nelson, to properly handle suicidal inmates at the Christian County Correctional Center.

103.    Christian County and Sheriff Bruce Kettlekamp knew that more and/or different training was needed to avoid jail suicides.

104.    Christian County's failure to properly train caused the death of Dennis E. Adams.

105.    Defendants conduct caused harm to the Decedent.

106.    The Decedent committed suicide in the Christian County Correctional Center.

107.    At all times, the Defendants acted under the color of law.

108.    The Plaintiff demands trial by jury.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, Estate of Dennis E. Adams, prays for judgment against Sherriff Bruce Kettlekamp and Jail Administrator Andrew Nelson as follows:

A.  Compensatory damages in an amount to be determined at trial;

B.  Punitive damages in an amount to be determined at trial;

C.  Reasonable attorney's fees and costs; and

D.  For such other and further relief as this court deems reasonable.

## COUNT VII

## FAILURE TO TRAIN

## (OFFICIAL CAPACITY)

109.    The Plaintiff restates and realleges all previously plead paragraphs.

110.    Christian County's mental health training was not adequate to train its employees, including Jail Administrator Nelson, to properly handle suicidal inmates at the Christian County Correctional Center.

111.    It was obvious to Christian County and Sheriff Bruce Kettlekamp that more and/or different training was needed to avoid jail suicides.

112.    Christian County's failure to properly train caused the death of Dennis E. Adams.

113.    The Decedent committed suicide in the Christian County Correctional Center.

114.    At all times, the Defendants acted under the color of law.

115.    The Plaintiff demands trial by jury.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, Estate of Dennis E. Adams, prays for judgment against Sherriff Bruce Kettlekamp, Jail Administrator Andrew Nelson, and Christian County as follows:

A. Compensatory damages in an amount to be determined at trial;

B. Reasonable attorney's fees and costs; and

C. For such other and further relief as this court deems reasonable.

## COUNT VIII

## FAILURE TO TRAIN

## (INDIVIDUAL CAPACITY)

116.     The Plaintiff restates and realleges all previously plead paragraphs.

117.     Christian County's mental health training was not adequate to train its employees, including Jail Administrator Nelson, to properly handle suicidal inmates at the Christian County Correctional Center.

118.     It was obvious to Christian County and Sheriff Bruce Kettlekamp that more and/or different training was needed to avoid jail suicides.

119.     Christian County's failure to properly train caused the death of Dennis E. Adams.

120.     The Decedent committed suicide in the Christian County Correctional Center.

121.     At all times, the Defendants acted under the color of law.

122.     The Plaintiff demands trial by jury.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, Estate of Dennis E. Adams, prays for judgment against Sherriff Bruce Kettlekamp and Jail Administrator Andrew Nelson as follows:

A.  Compensatory damages in an amount to be determined at trial;

B.  Punitive damages in an amount to be determined at trial;

C.  Reasonable attorney's fees and costs; and

D.  For such other and further relief as this court deems reasonable.

## COUNT IX

## FAILURE TO SUPERVISE

## (OFFICIAL CAPACITY)

123. The Plaintiff restates and realleges all previously plead paragraphs.

124. Jail Administrator Nelson discretionarily transferred suicidal inmates and/or with mental illnesses out of the Padded Cell without the aid, recommendation or advice of a mental health professional.

125. Sheriff Bruce Kettlekamp and Christian County knew that Jail Administrator Nelson had a practice of discretionarily transferring suicidal inmates and/or inmates with mental illnesses out of the Padded Cell without the aid, recommendation or advice of a mental health professional.

126. Sheriff Bruce Kettlekamp and Christian County approved, assisted, condoned, and/or purposely ignored Jail Administrator Nelson's conduct in similar situations.

127. As a result, the Decedent committed suicide in the Christian County Correctional Center.

128. The Plaintiff demands trial by jury.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, Estate of Dennis E. Adams, prays for judgment against Sheriff Bruce Kettlekamp, and Christian County as follows:

A. Compensatory damages in an amount to be determined at trial;

B. Reasonable attorney's fees and costs; and

C. For such other and further relief as this court deems reasonable.

## COUNT X

## FAILURE TO SUPERVISE

## (INDIVIDUAL CAPACITY)

129.    The Plaintiff restates and realleges all previously plead paragraphs.

130.    Jail Administrator Nelson discretionarily transferred suicidal inmates and/or with mental illnesses out of the Padded Cell without the aid, recommendation or advice of a mental health professional.

131.    Sheriff Bruce Kettlekamp and Christian County knew that Jail Administrator Nelson had a practice of discretionarily transferring suicidal inmates and/or inmates with mental illnesses out of the Padded Cell without the aid, recommendation or advice of a mental health professional.

132.    Sheriff Bruce Kettlekamp and Christian County approved, assisted, condoned, and/or purposely ignored Jail Administrator Nelson's conduct in similar situations.

133.    As a result, the Decedent committed suicide in the Christian County Correctional Center.

134.    The Plaintiff demands trial by jury.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, Estate of Dennis E. Adams, prays for judgment against Sherriff Bruce Kettlekamp  as follows:

A.  Compensatory damages in an amount to be determined at trial;

B.  Punitive damages in an amount to be determined at trial;

C.  Reasonable attorney's fees and costs; and

D.  For such other and further relief as this court deems reasonable.

## COUNT XI

## MONELL CLAIM AGAINST CHRISTIAN COUNTY

135.    The Plaintiff restates and realleges all previously plead paragraphs.

136.    At all relevant times to this Complaint, there existed in Christian County a written or unwritten policy, custom and/or practice of transferring inmates out of the Padded or Isolation Cells based upon a discretionary determination by Jail Administrator Nelson of the immediate needs of other inmates, the staffing constraints required to monitor those inmates in the Padded and Isolation Cells, and the capacities imposed by the Christian County Correctional Center itself.

137.    This unwritten policy, custom and/or practice was the moving force behind the death by the Decedent.

138.    The Plaintiff, Estate of Dennis E. Adams, demands trial by jury.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, Estate of Dennis E. Adams, prays for judgment against Christian County as follows:

A.  Compensatory damages in an amount to be determined at trial;

B.  Reasonable attorney's fees and costs; and

C.  For such other and further relief as this court deems reasonable.

## COUNT XII

### MONELL CLAIM AGAINST CHRISTIAN COUNTY

139.     The Plaintiff restates and realleges all previously plead paragraphs.

140.     At all relevant times to this Complaint, there existed in Christian County a written or unwritten policy, custom and/or practice of failing to provide mental health treatment to inmates of the Christian County Correctional Center.

141.     This unwritten policy, custom and/or practice was the moving force behind the death by the Decedent.

142.     The Plaintiff, Estate of Dennis E. Adams, demands trial by jury.

### PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff, Estate of Dennis E. Adams, prays for judgment against Christian County as follows:

A.  Compensatory damages in an amount to be determined at trial;

B.  Reasonable attorney's fees and costs; and

C.  For such other and further relief as this court deems reasonable.

## COUNT XIII

## WRONGFUL DEATH AGAINST ALL DEFENDANTS

## (STATE LAW)

143.     The Plaintiff restates and realleges all previously plead paragraphs.

144.     The Defendants had a duty to protect the Decedent from inflicting any harm upon himself when such harm was reasonably foreseeable.

145.     The Defendants breached that duty.

146.     As a result of the Defendants breach of that duty, Dennis E. Adams committed suicide.

147.     The Plaintiff, Estate of Dennis E. Adams, demands trial by jury.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, Estate of Dennis E. Adams, prays for judgment against Sheriff Bruce Kettlekamp, Jail Administrator Andrew Nelson and Christian County as follows:

A. Pecuniary damages in an amount to be determined at trial;

B. Punitive damages in an amount to be determined at trial;

C. Reasonable attorney's fees and costs; and

D. For such other and further relief as this court deems reasonable.

## COUNT XIV

## SURVIVAL ACT AND FUNERAL EXPENSES AS TO ALL DEFENDANTS

## (OFFICIAL CAPACITY)

## (STATE LAW)

148.    The Plaintiff restates and realleges all previously plead paragraphs.

149.    This action is brought pursuant to the Survival Act, 755 ILCS 5/27-6 for the funeral and burial expenses as well as the pain and suffering experienced by Dennis E. Adams prior his death.

150.    As a result of one or more of the aforementioned willful and wanton acts or omissions, the Decedent experienced suicidal thoughts, visions, decline in mental health, agitation, pain and suffering, mental abuse, punishment and other injuries prior to his death.

151.    As a direct and proximate result of the death of Dennis E. Adams, the Estate incurred funeral and burial expenses.

152.    The Plaintiff, Estate of Dennis E. Adams, demands trial by jury.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, Estate of Dennis E. Adams, prays for judgment against Sheriff Bruce Kettlekamp, Jail Administrator Andrew Nelson and Christian County as follows:

A. Pecuniary damages in an amount greater than $50,000 and sufficient to compensate the Estate of Dennis E. Adams for its loss and costs of suit;

B. Reasonable attorney's fees and costs;

C. Punitive damages in an amount determined at trial; and

D. For such other and further relief as this court deems reasonable.

## COUNT XV

## INDEMNITY

153.    The Plaintiff restates and realleges all previously plead paragraphs.

154.    Party Defendant Christian County is the employer of Sheriff Bruce Kettlekamp, and Jail Administrator Andrew Nelson.

155.    Sheriff Bruce Kettlekamp, and Jail Administrator Andrew Nelson committed the acts alleged above under the color of law and in the scope of employment as employees of Christian County.

156.    Christian County must indemnify all Party Defendants by applicable statute.

## PRAYER FOR RELIEF

**WHEREFORE**, should Sheriff Bruce Kettlekamp and/or Jail Administrator Andrew Nelson be found liable for one or more of the claims set forth above, Plaintiff demands that, pursuant to 745 ILCS 10/9-102, Christian County be found liable for any compensatory judgment Plaintiffs obtain against said Party Defendant, as well as attorney's fees and costs awarded, and for such other and further relief as this court deems reasonable.

Respectfully submitted,

Estate of Dennis E. Adams, Plaintiff,

By: _____/s Daniel Noll_____
                        Daniel Noll

Daniel Noll
**NOLL LAW OFFICE**
930 E. Monroe
Springfield, IL 62701
(217) 544-8441
(217) 544-8775 (FAX)