IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

ESTATE OF DENNIS E. ADAMS,      )
Deceased, by KYLE ADAMS,        )
Administrator,                  )
                                )
     Plaintiff,                )
                                )
     v.                        )     NO. 13-3300
                                )
CHRISTIAN COUNTY,               )
BRUCE KETTLEKAMP, in his        )
official capacity as Sheriff of Christian )
County and in his individual capacity, )
and ANDREW NELSON, in his       )
official capacity as Christian County )
Jail Administrator and in his   )
individual capacity,            )
                                )
     Defendants.               )

OPINION

RICHARD MILLS, U.S. District Judge:

Pending is the Motion of the Defendants to Dismiss the Plaintiff's

Second Amended Complaint pursuant to Rule 12(b)(6) of the Federal Rules

of Civil Procedure.

I.

This is a civil rights action pursuant to 42 U.S.C. § 1983 to address

deprivations of the Plaintiffs' rights under the Constitution of the United States, as alleged in the Second Amended Complaint. The Plaintiff's claims relate to the suicide of Dennis E. Adams on November 4, 2011, in the Christian County Correctional Center in Taylorville, Illinois. Kyle Adams, the Decedent's son, is the Administrator of the Estate, and Plaintiff in this case.

The Defendants include (1) Sheriff Bruce Kettlekamp, as an employee and agent of the Christian County Sheriff's Office; (2) Andrew Nelson, the Jail Administrator, as an employee and agent of the Christian County Sheriff's Office; and (3) Christian County, the legal entity under which the individual Defendants were employed, which is responsible for the policies, procedures and practices implemented through its various agencies, agents, departments and employees and for the injury occurring as a result.

II.

The Defendants' motion seeks the dismissal of Counts XI and XII. However, the motion is directed at Counts XI and XII of the First Amended Complaint. Because the Second Amended Complaint is now the operative

complaint, the Defendants' Motion is Denied in this respect.[1]

The Defendants further contend they are immunized from the conduct described in Counts V, VI, VII, VIII, XI and XII, pursuant to the Illinois Governmental Employees Tort Immunity Act, 745 ILCS 10/1-101 et seq. Counts V and VI are failure to train claims based on § 1983. Counts VII and VIII are failure to supervise claims based on § 1983. Count XI is a state law indemnity claim. The Second Amended Complaint does not include a Count XII.

All of the claims listed above are based on federal law or derived therefrom. Because the Illinois Governmental Employees Tort Immunity Act cannot grant immunity for § 1983 civil rights violations, see Payne for Hicks v. Churchich, 161 F.3d 1030, 1038 (7th Cir. 1998), the Defendants are not entitled to dismissal on the basis of immunity.

Finally, the Defendants assert all claims must be dismissed because the Plaintiffs have not alleged the Decedent has exhausted his administrative remedies as required under 42 U.S.C. § 1997e(a) which, in

---

[1]In the Second Amended Complaint, Count XI is an Indemnity claim. The Second Amended Complaint does not include a Count XII.

pertinent part, provides:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a). The Defendants claim that Plaintiffs have failed to allege the Decedent exhausted his administrative remedies prior to bringing this § 1983 action. Obviously, this action was not brought by the Decedent or a prisoner confined in jail. It was brought by the Decedent's representative and is not subject to the exhaustion requirements. See Collins v. Seeman, 2004 WL 406773, at *2 (N.D. Ill. Feb. 26, 2004) ("[I]t would be nonsensical to read the PLRA as requiring a prisoner to pursue administrative remedies with respect to his imminent suicide either before or after its occurrence."). Accordingly, the motion will be Denied.

Ergo, the Defendants' Motion to Dismiss the Plaintiff's Second Amended Complaint [d/e 32] is DENIED.

This matter is referred to United States Magistrate Judge Tom Schanzle-Haskins for the purpose of scheduling a discovery conference.

ENTER: June 16, 2014

FOR THE COURT:

s/Richard Mills
Richard Mills
United States District Judge